[Civ. No. 9094. Third Dist. July 9, 1957.]

ALVINA E. GERAGHTY et al., Appellants, v. CLAUDE C. GRAY, Respondent.

Manwell & Manwell for Appellants.

Arthur S. Powell for Respondent.

SCHOTTKY, J.—This is an appeal from a judgment quieting appellants' title to property in Yuba County which adjoins that of respondent. The real issue in the case is not the metes and bounds description set forth in plaintiffs' complaint, but the actual physical location of the section corner common to Sections 20, 21, 28 and 29, Township 16 North, Range 6 East, M.D.B.&M. The section corner was found by the trial court as being located at the point claimed by defendant. Plaintiffs contend that the trial court should have found the section corner to have been located at a point some 300 feet southerly on a tangent from the location claimed by defendant. Plaintiffs' motion for a new trial was denied.

The record shows that sometime in 1952, defendant, Claude C. Gray, purchased a parcel of property from Mr. and Mrs. William Bushby. This property adjoined and partially surrounded certain property of the plaintiffs known as the "Cleopatra Mine." Plaintiffs also owned other lands in the sections immediately to the north of the section containing the lands of the defendant and the Cleopatra Mine. Thereafter, plaintiff Samuel Gunning arranged to have Mr. Bushby bring defendant Gray up to the location of the section corner in question. Gray testified that Gunning stated where the corner was and took a picture of Gray and Gray's son with Gray's foot touching the corner. At the spot indicated there was a square iron stake with appropriate markings indicating the section corner together with a rock mound surrounding it.

Thereafter, Gray proceeded to have his northerly boundary line (which was the section line) surveyed by Mr. Dewey of the California Engineering Service so that a boundary fence could be put up. After the completion of this survey, Gray, sometime in May, 1954, discovered that the above mentioned section marker had been removed. He reported this fact to the Yuba County sheriff's office and upon advice of California Engineering Service replaced the removed marker with an unmarked pipe in the original hole.

Mr. Von Geldern, one of plaintiffs' surveyors, made a survey of the Cleopatra Mining Claim in 1954. Von Geldern located a point which he believed to be the corner section common and dropped a pin there. About this time his men found a rock mound nearby. There was no pin in this mound, but Von Geldern testified that he was able to drop a pin there without any resistance. This is the point now claimed by plaintiffs to be the true section corner common and is located on a tangent approximately 300 feet southwesterly from the point claimed by the defendant and found to be the true location by the trial court.

The plaintiff and appellant Samuel O. Gunning testified that he employed surveyors to establish the points and description of the Cleopatra Mine, including one C. T. McGuire and Mr. Von Geldern. He also at one time had Mr. Dewey survey a claim adjoining, known as the "Mark Anthony." Mr. Gunning expressed dissatisfaction with the surveys of both McGuire and Dewey when he discovered they were establishing points for his claim which he claimed were not correct. He also testified that he possessed the original notes, original patent and a certified copy of the township map furnished

him by the United States Land Office which were introduced in evidence. (Plaintiffs' Exhibits 1, 2 and 3.) Mr. Gunning testified further that it was not until 1954, when Mr. Von Geldern completed his survey using the original government notes and the original township plat of the original patent of the Cleopatra that he knew where the real corner common to Sections 20, 21, 28 and 29 was; that Mr. Von Geldern located it properly because the Cleopatra there fit the original monuments of the claim and the lines and the points were there where he always understood them to be. He also testified on cross-examination that when the defendant, Gray, was attempting to buy some property north of the property owned by Mr. Gunning and his brothers and sisters that he showed him where there was an iron pin which had been put in the ground some 300 feet away from the corner located by Mr. Von Geldern, and at that time Mr. Gunning told them they could probably use the pin to get a description but the corner was not right, and did not prove out right because McGuire and Dewey attempted to use this iron pin and the lines and fences did not work out correctly therefrom.

Mr. McGuire testified that in his opinion the section corner shown on his map (Defendant's Exhibit A) was correct. Mr. Dewey testified that the section corner shown on Defendant's Exhibit A and on his map (Defendant's Exhibit C) was correct. These maps show the location of the section corner to be that contended for by the defendant and found to be correct by the trial court.

Appellants contend that Mr. Von Geldern's survey, his map, the original field notes, and the township map are the only true and satisfactory evidence before the court and both Mr. Dewey and Mr. McGuire founded their maps and diagrams upon hearsay. Appellants' briefs consist chiefly of a recitation of the evidence sustaining their contention but it is apparent from the record that the conclusion arrived at by appellants is not the only conclusion that can be arrived at from the evidence. We believe that the memorandum opinion of the able and experienced judge who tried the case correctly points out the conflict in the evidence and is fully sustained by the record. We quote therefrom as follows:

"The Court has reviewed the record and thoroughly considered the arguments presented in the briefs submitted. The controversy arises by reason of a resurvey of the courses and distances of the Cleopatra mine patent as originally surveyed by the Deputy Mineral Surveyor which shows the tie-in with

Plaintiffs' section corner to be some 300 feet southerly on a tangent from its present location which is claimed by the Defendants to be the true corner. The physical location of the Cleopatra mine is not in dispute.

"The evidence shows that the corner claimed by the Defendants as the true corner has been recognized and accepted as such by Government and private engineers as well as land owners in the vicinity for upwards of fifty years. It has been marked by a rock mound and steel rod section corner marker and in fact was pointed out by one of the Plaintiffs to the Defendant as the section corner just prior to the purchase by Defendants of the Bushby property, although the Plaintiff testified he told Defendant at that time there could be a question as to its correct location.

"Furthermore, it has been shown that two or three early patented mining claims in the vicinity, as well as the adjacent sections including also the town of Smartsville, as well as the quarter section corners on three sides, are all tied into this section corner with quite definite exactness.

"Plaintiffs earnestly contend that by reason of the courses and distances of the Cleopatra all tying into a point within five feet of a certain rock mound which their surveyor found and which had all the appearances of an old corner monument, the true section corner is definitely established at that location. They have referred to several cases involving disputed boundaries, but the factual circumstances therein are not helpful in the instant case. While it has been held that where an engineer of the United States Government makes a survey which is later confirmed by the Interior Department, it is not open to collateral attack or challenge in the Courts, but here we have the Cleopatra standing alone, against three other Government surveys (the Boa, the Excelsior and the Boa Extension) which were also confirmed by the Interior Department tying in and using the section corner claimed by the Defendants. Thus we have a direct conflict in the Government records. In an early Utah case, *Grand Central Min. Co.* v. *Mammoth Min. Co.*, 36 Utah 364 [104 P. 573], the Court held, among other points not pertinent here, 'The courses and distances in the field notes and in the patent of a mining claim were not conclusive of the true location of the established monuments of the official survey.'

"The Court therefore is constrained to hold under the evidence which has been submitted in this case that the section

corner in dispute is where it now is and has been located and recognized as such over the many years last past."

We conclude that there was a clear conflict in the evidence as to the location of the section corner common to Sections 20, 21, 28 and 29, Township 16 North, Range 6 East, M.D.B.&M., which conflict it was the function of the court to resolve. We cannot agree with the contention of appellants that the evidence does not support the trial court's conclusion.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for a rehearing was denied August 5, 1957, and appellants' petition for a hearing by the Supreme Court was denied September 4, 1957.

*Assigned by Chairman of Judicial Council.